```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                             )
OLLIE HALL,                  )
                             )
          Plaintiff,         )
                             )
     v.                      ) Civ. Action No. 14-01423 (EGS)
                             )
WELLS FARGO BANK, N.A.,      )
                             )
          Defendant.         )
_____ )
```

### MEMORANDUM OPINION

I. **Introduction**

On August 19, 2014, Plaintiff Ollie Hall ("Hall") filed a complaint against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") alleging claims related to the foreclosure of his home in Michigan. Compl., ECF No. 1. Wells Fargo moves to dismiss Hall's lawsuit on the basis of res judicata (claim and issue preclusion) and for failure to state a claim. Def.'s Mot. Dismiss, ECF No. 4. Upon consideration of the motion, the response and reply thereto, the applicable law, and the entire record, Wells Fargo's Motion to Dismiss is GRANTED.

II. **Background**

On February 11, 2011, Hall secured a home loan for $87,718.00 to purchase a house in Roseville, Michigan. Def.'s

Mem. Supp. Mot. Dismiss ("Def.'s Mem. Supp."), ECF No. 4, Ex. A at 2. The mortgage was assigned to Wells Fargo on August 29, 2012. *Id.* In 2012, Hall defaulted on the mortgage and the property was foreclosed and sold at a sheriff's sale on September 13, 2013. *Id.*

Hall filed a lawsuit in the Macomb County Circuit Court in Michigan on March 10, 2014, three days before Michigan's statutory right of redemption expired. *Id.* at 3. Defendant removed the suit to the U.S. District Court for the Eastern District of Michigan on diversity jurisdiction on March 27, 2014. *Id.* In that case, the court granted the Defendant's Motion to Dismiss for failure to state a claim on June 4, 2014. *Id.* at 15.

Hall subsequently filed this suit, *pro se*, on August 19, 2014. *See* Compl., ECF No. 1. Although the complaint is difficult to understand, Hall seems to be alleging that Wells Fargo is not the proper owner of the mortgage, that the Defendant took advantage of Hall's ignorance of the law in issuing the loan, and that the Wells Fargo is engaged in counterfeiting. *Id.* at 2-4.[1] The Civil Cover Sheet filled out by Hall indicates the cause

---

[1] The confusing nature of Hall's complaint is evidenced by the first paragraph where he states:

Now Comes Ollie Hall Jr., hereinafter ("Plaintiff") on original civil complaint against WELLS FARGO BANK, N.A; hereinafter ("Defendant") for Civil Demand of

of action as "26 USC 7609 For independent State Audit and Federal Investigation on defendants for accounting fraud." *Id.* at 1-1.[2] The relief requested by Hall is $86,079.20. *Id.* at 1.

### III. Discussion

Wells Fargo moves to dismiss this action on the basis of res judicata and for failure to state a claim. Def.'s Mem. Supp. at 1-2. Wells Fargo asserts that, to the extent any cognizable claims can be construed from Hall's complaint, they are barred by res judicata in light of the Eastern District of Michigan's ruling on the merits in the related case, *Hall v. Wells Fargo Bank, N.A.*, No. 4:14-cv-11267 (E.D. Mich. June 4, 2014). *Id.* at 2. Moreover, to the extent Hall seeks to plead any claims not already adjudicated, Wells Fargo maintains that Hall had the

---

($US86,079.20) that deals in Internal Revenue Service ("IRS") cancelled debt and this IRS Federal 871 Tax Suit; Cause cited as 26:7609 as an IRS Petition to Quash IRS Summons to require Defendant to produce bona fide proof of an Execution of Assignment to offset claims of fraud and civil demands and judgments. This case is directly related to DISMISSED case No. 1:14-CV-00110-JDBand will create a conflict of interest to the U.S. Government Defendant and all Defendants to these actions in terms of an adverse action against Plaintiff. The manner in which the prior case was DISMISSED will provide the necessary protection(s) to Plaintiff that prevents DOUBLE JEOPARDY from being carried out by this Court on Motion(s) of Defendant and subsequent new cases related to PENDING Case No. 1:14-CV-01112-CCK.

Compl. at 1-2.

[2] 26 U.S. Code § 7609 specifies the special procedures for third-party summons.

opportunity to plead such claims in the related case, and regardless, any new claims are insufficiently pled and thus Hall has failed to state a claim. Def.'s Mem. Supp. at 9. Hall does not directly respond to Wells Fargo's arguments. *See* Aff. Supp. Pl.'s Claims ("Pl.'s Response"). Rather, Hall asserts what appear to be 24 irrelevant affirmative defenses. *Id.* at 10-11.

"The doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, the effect of that final judgment would be preserved and applied to subsequent cases that arise out of the same set of facts and transaction." *Johnson v. Chase Manhattan Mortg. Corp.*, No. 04-cv-344 (EGS), 2006 WL 2506598, at *2 (D.D.C. Aug. 28, 2006) (citing *Nevada v. U.S.*, 463 U.S. 110 (1983)). The doctrine of res judicata is divided into issue and claim preclusion. Issue preclusion will apply in a case if: (1) "the issue decided in the prior adjudication [was] identical with the one presented in the action at question," (2) there was a "final judgment on the merits," in the previous action, and (3) "the party against whom the plea is asserted [was] a party or in privity with a party to the prior adjudication." *Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971).

Claim preclusion prevents parties from "relitigat[ing] any ground for relief which they already have had an opportunity to litigate—even if they chose not to exploit that opportunity—

4

whether the initial judgment was erroneous or not." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quotation marks omitted). "Res judicata bars not only claims that actually were litigated, but also claims that could have been litigated in the previous action." *Ivey v. Paulson*, 574 F. Supp. 2d 141, 142 (D.D.C. 2008) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). A prior judgment "bars any further claim based on the same 'nucleus of facts.'" *Page*, 729 F.2d at 820. This is determined by "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997) (quoting Restatement (Second) of Judgments § 24(2) (1982)).

Halls' claims are barred under the principles of both issue and claim preclusion. With respect to issue preclusion, the U.S. District Court for the Eastern District of Michigan has already ruled on the Hall's quiet title[3] and fraud claims, which Hall

---

[3] Hall's complaint also alleges that Wells Fargo engaged in counterfeiting because "Defendant cannot produce the original 'wet ink signature' mortgage note it claims Plaintiff owes an obligation on." Compl. at 4. This argument is tantamount to the quiet title claims that Hall made in the original complaint filed with the U.S. District Court for the Eastern District of Michgian, in which he alleged that Wells Fargo "is not the

seems to be raising again in this is lawsuit. *See Hall v. Wells Fargo Bank, N.A.*, No. 4:14-cv-11267 (E.D. Mich. June 4, 2014). Because the Eastern District of Michigan issued a final judgment on the merits, issue preclusion prevents Hall from relitigating these claims.

Claim preclusion also bars several of the Plaintiff's claims. To the extent Hall seeks to raise an accounting fraud claim and other IRS-related claims not adjudicated in Hall's Michigan case, such claims are barred because they are based on the same nucleus of operative fact as the prior adjudication, namely the foreclosure and sale of his home.[4] Because the same facts are being used to support the current cause of action, this lawsuit and the related Michigan suit are undoubtedly "related in time, space, origin, [and] motivation" such that claim preclusion bars this action.[5]

---

   actual titleholder of the debt secured by the mortgage." Def.'s Mem. Supp., Ex. E, at 11.

[4] It is not clear whether Hall is alleging that it was the IRS or Wells Fargo that engaged in accounting fraud. If it is the latter, this claim would be barred by claim preclusion since it could have been raised in the related Michigan District Court case. If it is the former, the IRS is not a party to the suit and the claim fails.

[5] Even if Hall's claims were not barred by claim preclusion, the Complaint would be dismissed for failure to state a claim for substantially the same reasons as stated in Judge Levy's opinion in the Eastern District of Michigan. *See Hall v. Wells Fargo Bank, N.A.*, No. 4:14-cv-11267 (E.D. Mich. June 4, 2014). Besides not providing a short and plain statement of the claim

**IV. Conclusion**

For the foregoing reasons, Wells Fargo's Motion to Dismiss is **GRANTED** and Hall's claims are **DISMISSED WITH PREJUEDICE**.

**Signed:**   **Emmet G. Sullivan**
**United States District Judge**
**July 28, 2015**

---

as required by Federal Rule of Civil Procedure 8(a), the Plaintiff's complaint is filled with conclusory and irrelevant statements and fails to allege facts that would support any claim for relief. *See* Compl., ECF No. 1.